

**FILED**
**Feb 08, 2019**
**02:07 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| **WENDY NEAL,** | ) | |
| Employee, | ) | **Docket No. 2017-06-1025** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MOORE CONSTRUCTION CO., INC.,** | ) | **State File No. 36505-2017** |
| | ) | |
| Employer, | ) | |
| | ) | |
| **and** | ) | **Judge Joshua Davis Baker** |
| **BRENTWOOD SERVICES,** | ) | |
| Carrier. | ) | |

---

## EXPEDITED HEARING ORDER

---

The Court convened an expedited hearing on February 7, 2019, to consider whether Moore Construction Company should be required to provide Ms. Neal additional medical treatment for her neck. For the reasons below, the Court holds it is not obligated to do so.

### Claim History

Ms. Neal worked for Moore Construction as an assistant to its vice-president, Ronnie Moore. Her duties included caring for Mr. Moore's teenaged, special-needs daughter. On May 4, 2017, his daughter "slammed [Ms. Neal] into a wall and to the floor" and bit her scalp. In her testimony, Ms. Neal described feeling a pop and an immediate, radiating burn from her neck down her right arm.

Moore Construction did not initially provide medical treatment, so Ms. Neal visited a chiropractor she saw intermittently for migraines and neck pain. When she saw the chiropractor six weeks before the assault, she complained of "1/10" neck pain. In her post-accident visit, the provider noted radiating neck pain "8/10" compared with "pre-

accident status 1/10, but no radiation."

After Moore Construction agreed to provide medical treatment, Ms. Neal chose neurosurgeon Dr. Douglas Mathews from a panel, and he recorded his causation opinion in her initial visit. Both parties relied on it at the hearing, as he identified the cause of her condition as "the combination of the trauma and the preexisting injury." But as for apportionment, Dr. Mathews wrote, "[A]t least 60% of her current issues are [the] result of degenerative changes that occurred before her trauma." He believed these degenerative changes were "quiescent" before the injury but became "apparent as a result of this traumatic injury."

Dr. Mathews provided a more detailed opinion by answering a "yes/no" letter from defense counsel. By checking "no," the doctor confirmed that Ms. Neal's employment did not contribute more than fifty percent to her present condition, when considering all causes. However, as Ms. Neal's counsel succinctly pointed out in closing, Dr. Mathews has not addressed whether the incident caused a compensable aggravation of Ms. Neal's preexisting condition.

### Findings of Fact and Conclusions of Law

To prevail at an expedited hearing, Ms. Neal must provide sufficient evidence to show that she would likely prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2018). She failed to do so.

In Workers' Compensation Law, the definition of "injury" does not include "the aggravation of a preexisting disease, condition or ailment unless it can be shown to a reasonable degree of medical certainty that the aggravation arose primarily out of and in the course and scope of employment." Tenn. Code Ann. §50-6-102(14)(A) (2018). Further, the causation opinion of an authorized treating physician "shall be presumed correct . . . but this presumption shall be rebuttable by a preponderance of the evidence." Tenn. Code Ann. § 50-6-102 (14)(E).

Dr. Mathews identified a preexisting condition, and he excluded Ms. Neal's work injury as the primary cause of her present condition. Yet Ms. Neal's testimony and medical records support that she has more severe, radiating pain since the accident. So, the unanswered question is whether an aggravation of her preexisting condition arose primarily out her employment. Judges are not well-suited to make independent medical determinations without expert medical testimony. *Scott v. Integrity Staffing Solutions*, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *8. Similarly, the parties cannot rely solely on their own medical interpretations to successfully support their arguments. *Lurz v. Int'l Paper Co.*, 2018 TN Wrk. Comp. App. Bd. LEXIS 8, at *17 (Feb. 14, 2018). Consequently, the unanswered question is one the Court and the parties are incapable of determining without further expert medical evidence.

2

The Court finds that Dr. Mathews's opinion is entitled to a presumption of correctness and that Ms. Neal did not rebut that presumption. Further, Ms. Neal did not present medical evidence from which this Court can determine that she is likely to prove her work injury aggravated her preexisting condition. While Moore Construction argued non-compensability, the Court declines to blindly traverse the causation landscape when more complete medical proof would unveil a panorama. The Court, therefore, finds Moore Construction's argument unpersuasive. However, Ms. Neal has not presented sufficient proof, at this time, to demonstrate entitlement to further medical treatment, so her claim for medical benefits is denied.

It is **ORDERED** as follows:

1. Ms. Neal's requested relief is denied at this time.

2. This matter is set for a status conference on **Monday, April 29, 2019, at 9:30 a.m. (CDT). You must call 615-741-2113 to participate in the Hearing. Failure to call may result in a determination of issues without your participation.**

**ENTERED FEBRUARY 8, 2019.**

_____
**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**

APPENDIX

Exhibits:

1. Medical Records
2. Affidavit of Wendy Neal
3. Dr. Douglas Mathews's April 25, 2018 Report

Technical Record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Ms. Neal's Prehearing Statement
5. Moore Construction's Prehearing Statement

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Order was sent to the following recipients by the following methods of service on February 8, 2019.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| William Poland, Employee's Attorney | | | X | whpoland@clarksvillelawyers.com rebecca@clarksvillelawyers.com |
| Duane Willis, Employer's Attorney | | | X | dwillis@morganakins.com; plunny@morganakins.com |

_____

**Penny Shrum, Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**EXPEDITED HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

**Employer** _____

<u>Notice</u>

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

<u>Statement of the Issues</u>

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

<u>Additional Information</u>
**Type of Case** [Check the most appropriate item]

   ☐  Temporary disability benefits
   ☐  Medical benefits for current injury
   ☐  Medical benefits under prior order issued by the Court

<u>List of Parties</u>
**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____  SF#: _____  DOI: _____

## Appellee(s)

**Appellee (Opposing Party):** _____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20___

[Signature of appellant or attorney for appellant]  _____

LB-1099    rev. 10/18                     Page 2 of 2                     RDA  11082



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

    _____    Relationship: _____

    _____    Relationship: _____

    _____    Relationship: _____

    _____    Relationship: _____

6. I am employed by: _____

    My employer's address is: _____

    My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | | |
|---|---|---|---|---|
| AFDC | $ _____ | per month | beginning | _____ |
| SSI | $ _____ | per month | beginning | _____ |
| Retirement | $ _____ | per month | beginning | _____ |
| Disability | $ _____ | per month | beginning | _____ |
| Unemployment | $ _____ | per month | beginning | _____ |
| Worker's Comp. | $ _____ | per month | beginning | _____ |
| Other | $ _____ | per month | beginning | _____ |

LB-1108 (REV 11/15)                                        RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental $ _____ per month

Groceries     $ _____ per month     Telephone     $ _____ per month

Electricity     $ _____ per month     School Supplies $ _____ per month

Water     $ _____ per month     Clothing     $ _____ per month

Gas     $ _____ per month     Child Care     $ _____ per month

Transportation     $ _____ per month     Child Support     $ _____ per month

Car     $ _____ per month

Other     $ _____ per month (describe: _____ )

10. Assets:

Automobile     $ _____     (FMV) _____

Checking/Savings Acct. $ _____

House     $ _____     (FMV) _____

Other     $ _____     Describe: _____

11. My debts are:

Amount Owed             To Whom

_____     _____

_____     _____

_____     _____

_____     _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____